**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **JEREMIAH P. KING,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 4:26-cv-0092-P** |
| | § | |
| **JOHN DOE,** | § | |
| | § | |
| **Defendant.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

On January 28, 2026, *pro se* Plaintiff Jeremiah P. King filed a civil complaint, which was referred to the undersigned for judicial screening pursuant to 28 U.S.C. § 636(b) and Special Order 3. ECF Nos. 1, 2.

The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS

A.    NATURE OF THE CASE

This case is a new civil action.

B.    PARTIES

Jeremiah P. King is the plaintiff.  He names John Doe as the sole defendant.

C.    LEGAL ANALYSIS

To proceed with a civil action in this Court, a plaintiff must either pay the $405 filing and administrative fees or be granted permission to proceed *in forma pauperis* (IFP). *See* 28 U.S.C. §§ 1914, 1915. When Plaintiff filed his complaint, he did not pay the requisite fees or file an IFP application. On January 29, the Court ordered Plaintiff to, within 30 days, either pay $405 to the

clerk of Court or file a long-form IFP application. ECF No. 4. The Court mailed Plaintiff a copy of the IFP application form necessary to comply. Additionally, the Court warned Plaintiff that failure to timely comply with its order could result in dismissal of this case without further notice under Federal Rule of Civil Procedure 41(b). *Id.*

Rule 41(b) permits a court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the court. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). This authority flows from a court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

The deadline for Plaintiff to comply with the Court's January 29 order expired. To date, Plaintiff has not complied with the Court's order, sought an extension of time to do so, or otherwise communicated with the Court about this case. Because Plaintiff has not paid the requisite fees or obtained permission to proceed IFP, this case is subject to dismissal for failure to comply with Court orders and for lack of prosecution under Rule 41(b).

## RECOMMENDATION

It is therefore **RECOMMENDED** that Plaintiff's complaint be **DISMISSED** for lack of prosecution, without prejudice to being refiled. *See* FED. R. CIV. P. 41(b).

## NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need

only make a de novo determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute* 28 U.S.C. § 636(b)(1) (extending the deadline to file objections from ten to fourteen days).

It is further **ORDERED** that the above-styled and numbered action, previously referred to the undersigned for findings, conclusions, and recommendation, be and is hereby, **RETURNED** to the docket of the United States District Judge.

It is so **ORDERED** on March 5, 2026.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE